# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-847

TAMARA WAREKA p/k/a TAMARA WILLIAMS

     Plaintiff,

v.

NATIVE NECTAR BOTANICALS LLC, and
DOES 1 through 10 inclusive, whose true names are unknown.

     Defendants.

---

## PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGMENT AND DEMAND FOR JURY TRIAL

---

Plaintiff, Tamara Williams, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §

1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Colorado, Defendant's acts of infringement were directed towards the state of Colorado, Defendant caused injury to Plaintiff within the state of Colorado, and Defendant has a physical presence in the state of Colorado.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, Native Nectar Botanicals LLC ("Native Nectar" or "Defendant") is a Colorado limited liability company with a principal place of business in Crested Butte, Colorado.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will

seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9.     Tamara Williams is a highly-successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed over 600,000 followers.

10.     Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11.     Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12.     Tamara Williams is the sole author and exclusive rights holder to a

**COMPLAINT**

close-up beauty photograph of a woman with a rose partially covering her face ("Belle Photograph").

13.    Attached hereto as Exhibit A is a true and correct copy of the Belle Photograph.

14.    Tamara Williams registered the Belle Photograph with the United States Copyright Office under Registration Number VA 2-116-919 with an Effective Date of Registration of August 23, 2018.

15.    Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-116-919.

16.    According to its Website, Native Nectar is a holistic brand offering beauty and self-care products, including face serums, moisturizers, facial masks, candles, and reed diffusers, as well as spa services. *See generally* https://nativenectarbotanicals.com/.

17.    Native Nectar manages, operates, and controls the Instagram account @nativenectarbotanicals      https://www.instagram.com/nativenectarbotanicals/ ("Defendant's Instagram Account").

18.    On information and belief, Defendant's Instagram account generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

19.     On or about September 16, 2023, Tamara Williams discovered her Belle Photograph copied and published within a collage image on Defendant's Instagram Page with the caption "Fall mood board inspiration" and various hashtags including "#nativenectarbotanicals" and "serum" ("Infringing Post").

20.     Attached hereto as Exhibit C are true and correct screenshots of Defendant's Instagram account showing Infringing Post.

21.     Tamara Williams has never at any point granted Defendant a license or other permission to copy, display, distribute, or otherwise use the Belle Photograph in the Infringing Post on Defendant's Instagram account or elsewhere.

22.     Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Infringing Post to Defendant's Instagram account without Tamara Williams' consent or authorization.

23.     Williams is informed and believes that the purpose of the use of the Belle Photograph on Defendant's Instagram was to promote and encourage sales of the Native Nectar's services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved through Native Nectar's services, specifically Defendant's serums, which were directly referenced in a hashtag included as part of the caption of the Infringing Post.

24.     Soon after discovering the Infringing Post, Tamara Williams, through counsel, reached out to Defendant to have the Belle Photograph removed and to

attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

25. As of March 15, 2024, Defendant has not removed the Infringing Post and therefore continues their use of the Belle Photograph.

26. Attached hereto as Exhibit D is a true and correct screenshot showing Defendant's continued use of the Belle Photograph.

27. On information and belief, Defendant's use of the Belle Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Belle Photograph on Defendant's Instagram Account or in any other way and despite notification of their infringing conduct, Defendant has failed to remove the Belle Photograph from Defendant's Instagram.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

28. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Belle Photograph.

30. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Belle Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the

original and unique Belle Photograph without Plaintiff's consent or authority, by using it in the Infringing Post and failing to remove the Belle Photograph when notified of the misuse.

31.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

32.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

33.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

34.    Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Belle Photograph to Defendant's Instagram account without Tamara Williams' consent or authorization.

35.    Native Nectar (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Belle Photograph onto Defendant's Instagram account because Native Nectar knew it did not have permission to use the Belle Photograph and Native Nectar failed to remove the Belle Photograph despite notification of the misuse.

**COMPLAINT**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Belle Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 27, 2024                    Respectfully submitted,

**/s/ Theodore Sell**
Theodore Sell, Esq.
Bar No. 44571
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.


Dated:        March 27, 2024                    Respectfully submitted,


                                                **/s/ Theodore Sell**
                                                Theodore Sell, Esq.
                                                Bar No. 44571
                                                **HIGBEE & ASSOCIATES**
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705-5418
                                                (714) 617-8373
                                                (714) 597-6559 facsimile
                                                *Counsel for Plaintiff*