## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00847-PAB-RTG

TAMARA WAREKA P/K/A TAMARA WILLIAMS,
an individual,
Plaintiff,

v.

NATIVE NECTAR BOTANICALS, LLC,
a Colorado limited liability company,
Defendant.

---

## ORDER RE: MOTION TO WITHDRAW

---

THIS MATTER is before the court on Motion of Carl A. Hjort, III, Esq. to Withdraw as Counsel for Defendant pursuant to D.C.COLO.LAttyR 5(b) and Colo. R. Prof'l Cond. 1.16(b)(5). [ECF-50]. Counsel for Plaintiff, Theodore Sell and Rosemary Sparrow, counsel for Defendant, Carl A Hjort and Defendant representative, Miss Jessica Taylor, appeared at the hearing via VTC.

Counsel argued their respective positions. As stated in the motion, defense counsel's position is that withdrawal is necessary because the Defendant failed to substantially fulfill an obligation to his firm and that Defendant was given reasonable warning that his firm would withdraw if that obligation was not fulfilled. At the hearing he argued that Plaintiff's position is that Miss Taylor will not or won't be able to secure substitute counsel in a timely manner thereby placing the case in a similar posture that it was in prior to defense counsel's entry of appearance is speculative.

Plaintiff objects to the withdrawal because "(1) Defendant has "shown a history of willful neglect in this action by allowing this matter to enter default before Defense Counsel's appearance, (II) Defendant is unable to proceed without counsel due to its status as an entity, and withdrawal at this point in litigation would severely prejudice Plaintiff." [ECF-52]. Plaintiff argued that Defendant had allowed the matter to go into default despite having adequate time to retain counsel and they fear that if counsel is permitted to withdraw something similar may

happen since the Defendant cannot continue pro se[1] and there is a Motion for Summary Judgment pending. Additionally, Plaintiff will be prejudiced because this matter has been pending since 2024 and has expended substantial effort to litigate this matter which litigation would be delayed if counsel were permitted to withdraw. Counsel seeks to withdraw at a critical time in the litigation (6 days) after a trial and trial preparation conference were set by the court.

Upon consideration of the arguments of counsel, the court finds as follows:

The court did not find persuasive Plaintiff's argument that one reason why this motion should not be granted is because a Motion for Summary Judgment is pending. This is because the motion has been fully briefed.

To defendant's argument that it is speculative to say Miss Taylor is not likely to secure substitute counsel, the court finds that while it may be speculative the record suggests otherwise. The court inquired of Miss Taylor as to her efforts to secure substitute counsel and she responded to the effect that she is a small business owner and it has been/will be difficult. Further, as the court pointed out, the Motion to Withdraw was filed 8 weeks ago and counsel has not been secured in the interim even though Miss Taylor knows that Mr. Hjort and his firm wish to withdraw.

The court is somewhat frustrated by the timing of the motion since it is unlikely that whatever the issue leading to the filing of the motion was, it is likely that it was known prior to the matter being scheduled for trial. Here, the motion was filed 6 days after the matter was scheduled for trial and deadlines were set. While that is better than waiting until just before trial, it was not ideal, nonetheless.

Under these circumstances the court ORDERS,

That the motion is conditionally granted conditioned upon Miss Taylor securing new counsel no later than six weeks from the date of this order. A Status Report is to be filed in six weeks advising the court of the status of new counsel in the event an Entry of Appearance is not filed before then.

DONE AND ORDERED this 21st day of April 2026.

By the Court:

Richard T. Gurley
U.S. Magistrate Judge

---

[1] The Defendant is a Colorado LLC and pursuant to 28 U.S.C. §1654, corporations must be represented by licensed counsel. *Brock v. Bob White Motors Co.*, 1986 U.S. Dist. LEXIS 24609 (D. Kan. June 4, 1986). *See also Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006).