IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00847-PAB-RTG

TAMARA WAREKA p/k/a TAMARA WILLIAMS

Plaintiff,

v.

NATIVE NECTAR BOTANICALS LLC, and
DOES 1 THROUGH 10 INCLUSIVE, whose true names are unknown,

Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff Tamara Wareka's Motion for Summary Judgment Against Defendant Native Nectar Botanicals LLC ("NNB") [Docket No. 42]. NNB filed a response. Docket No. 43. Plaintiff filed a reply. Docket No. 44.

## I. UNDISPUTED FACTS[1]

Plaintiff is a professional photographer specializing in fashion and beauty photography. Docket No. 42 at 2, ¶ 1. Plaintiff is the sole author and exclusive rights holder to a photograph of a woman with a rose partially covering her face (the "Belle Photograph"). *Id.*, ¶ 2. Plaintiff registered the Belle Photograph with the United States Copyright Office under Registration Number A 2-116-919 with an Effective Date of Registration of August 23, 2018. *Id.*, ¶ 3. Plaintiff has a valid copyright in the Belle Photograph. *Id.* at 3, ¶ 4. Plaintiff's livelihood depends on receiving compensation for

[1] The following facts are undisputed unless otherwise noted.

photographs she produces. *Id.*, ¶ 5. Plaintiff has previously licensed a single image[2] for $5,600, $9,700, and €7,500. *Id.*, ¶¶ 6-8.[3]

NNB is a Colorado limited liability company with a principal place of business in Crested Butte, Colorado. *Id.*, ¶ 9. NNB manages, operates, and controls the Instagram account "@native nectarbotanicals." *Id.*, ¶10. The primary purpose of NNB's Instagram Account is to promote the business of NNB. *Id.*, ¶ 11. NNB found the Belle Photograph online. *Id.*, ¶ 12. NNB downloaded the Belle Photograph from the internet. *Id.,* ¶ 13. On September 30, 2019, NNB posted the Belle Photograph to its Instagram account. *Id.*, ¶¶ 14-15. NNB did not request to use or purchase a license to use the Belle Photograph. *Id.*, ¶¶ 16-17.

On September 14, 2023, plaintiff's agent discovered NNB's posting of the Belle Photograph. *Id.*, ¶ 18. In January 2024, NNB received cease and desist correspondence alerting it to plaintiff's claim of infringement. *Id*, ¶ 19. The Belle

---

[2] While this undisputed fact is not clear, the parties to not dispute that images plaintiff previously licensed, as noted in ¶¶ 6-8, are not the Belle Photograph.

[3] NNB disputes this assertion, arguing that the evidence cited by plaintiff "was never produced in discovery." Docket No. 43 at 3, ¶¶ 6-8. NNB claims that plaintiff failed to fulfill her initial disclosure obligations under Fed. R. Civ. P. 26(a) by failing to produce a copy of the licenses that plaintiff issued. *See id.* at 5-6. Rule 26(a) requires that a party, without awaiting a discovery request, must provide "a copy – or a description by category and location –of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff provides a copy of her Rule 26(a) disclosures, wherein she disclosed she had in her possession "[d]ocuments regarding relevant licensing history." *See* Docket No. 44-2 at 3. "Rule 26 specifically gives [a party] the option of providing copies 'or a description' of the documents it may use." *King v. Citizens Disability LLC*, 2017 WL 5054741, at *1 (D.N.M. July 25, 2017). Thus, plaintiff was not required to provide copies of the licensing agreements themselves. As NNB does not challenge the sufficiency of the descriptions in plaintiff's initial disclosures, the Court finds that plaintiff can properly rely on evidence of other licensing agreements in her motion. Accordingly, the Court deems this fact admitted.

Photograph was still active on March 15, 2024. *Id.*, ¶ 20. In April 2024, NNB deleted the Belle Photograph from its Instagram account. *Id.* at 4, ¶ 21.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).

"Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of

each element essential to the case." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Plaintiff asserts a single claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101. Docket No. 1 at 6-7. The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner. 17 U.S.C. §§ 106, 501. To succeed on a copyright infringement action, two elements must be met: (1) the plaintiff has a valid copyright and (2) the defendant copied the plaintiff's original work. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

NNB does not contest its liability under the Copyright Act. *See* Docket No. 43 at 5-6. Therefore, the Court will enter summary judgment against NNB as to that part of plaintiff's claim regarding liability for copyright infringement.

The remaining issue is whether plaintiff is entitled to summary judgment on the issue of damages. The victim of copyright infringement is entitled to actual damages, including any profits of the infringer, or to statutory damages. 17 U.S.C. § 504(a). Plaintiff has elected to pursue statutory damages. Docket No. 42 at 15-20. Section 504 states, in relevant part:

> (c) Statutory Damages–
>
> > 1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for

> which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504. The Court has the discretion to award statutory damages ranging from $750 to $30,000, and up to $150,000 if the infringement was committed willfully, for "all infringements involved in the action, with respect to any one work." 17 U.S.C. § 504(c)(1)-(2).

"[T]he Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998). This right "includes the right to have a jury determine the amount of statutory damages, if any, awarded to the copyright owner." *Id.* Plaintiff bases her request for previously licensed photos in the amount of $5,600, $9,700, and €7,500, and the "average of the three different, proven license fees is about $7,890." Docket No. 42 at 20. However, pursuant to *Feltner*, a jury must determine whether the photographs that are the subject of the license agreements are comparable to the Belle Photograph and, based on this determination, what amount of statutory damages is appropriate. Even if the Court could decide the issue of comparability, plaintiff has provided no means for the Court to compare the photos. For example, one of the license agreements does not include the subject image. *See* Docket No. 42-8. The other two agreements only include thumbnails of the photographs. *See* Docket Nos.

42-6, 42-7. Accordingly, the Court will not grant summary on that portion of plaintiff's claims that seeks statutory damages.[4]

Plaintiff also moves for summary judgment on NNB's affirmative defenses. Docket No. 42 at 7-15. NNB waives its affirmative defenses related to liability. *See* Docket No. 43 at 5. However, NNB argues that the Court cannot grant summary judgment on "the issue of innocent infringement." *Id.*

"In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). Courts in this circuit have treated the innocent infringement defense as an affirmative defense. *See, e.g.*, *Langley v. CanaDream Corp.*, No. 18-cv-1601-WJM-KLM, 2019 WL 3302167, at *6 (D. Colo. July 23, 2019); *Stampin' Up!, Inc. v. Dollar Tree, Inc.*, 2025 WL 1951580, at *13 n.160 (D. Utah July 16, 2025).

The innocent infringement defense "is only relevant for purposes of statutory damages." *Fields v. Baseline Props., LLC*, 2021 WL 2583561, at *5 n.5 (W.D. Okla. June 23, 2021). The defense "allows for a reduction in damages should the alleged infringer be found liable for copyright infringement." *State Regul. Registry, LLC v.*

---

[4] Plaintiff seeks a three-times multiplier on its award of statutory damages on the basis that NNB's infringement was willful. *See* Docket No. 42 at 20. Because the Court cannot decide the issue of statutory damages, it will not decide the issue of willfulness at the summary judgment stage. *See also UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1174 (E.D. Cal. 2006) ("Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment.") (citation omitted).

*Bartholomew*, No. 17-cv-01834-PAB-NRN, 2019 WL 7290934, at *10 n.18 (D. Colo. Sept. 27, 2019). Similar to the Court declining to decide the issue of statutory damages at summary judgment, it will not grant summary judgment for plaintiff on NNB's innocent infringement defense because that issue is properly resolved by a jury.

"An innocent infringer must demonstrate both (1) a subjective good faith believe that his conduct was innocent, and (2) that his belief was objectively reasonable under the circumstances." *KGB NY LLC v. Guzman*, 2026 WL 880259, at *5 (S.D.N.Y. Mar. 31, 2026) (alteration and citation omitted). Plaintiff has merely produced evidence that NNB received a cease-and-desist correspondence and did not take down the Belle Photograph until April 2024. Docket No. 42 at 3-4, ¶¶ 19-21. Plaintiff, however, has failed to provide undisputed evidence allowing the Court to infer NNB's state of mind for purposes of the innocent infringement defense. The Court finds that this is a factual determination for the jury. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 995 (9th Cir. 1998) ("Whether the defendants' infringement was innocent is a factual determination."); *Electra Ent. Grp. Inc. v. McDowell*, 2007 WL 3286622, at *2 (M.D. Ga. Nov. 6, 2007) ("In making a determination as to whether a defendant is an innocent infringer, the factfinder must look into the defendant's state of mind to determine whether he or she was not aware and had no reason to believe that his or her acts constituted an infringement.") (quoting D.C. *Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (internal quotations omitted)).

Accordingly, the Court will deny summary judgment for plaintiff on NNB's innocent infringement defense.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff Tamara Wareka's Motion for Summary Judgment Against Defendant [Docket No. 42] is **GRANTED in part**.

DATED September 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge